Being unable to agree with the majority's interpretation of Civ.R. 53, I respectfully dissent. The majority states "[a]s proper service of the magistrate's decision did not occur here, the time for filing objections thereto did not begin to run on the date the magistrate's decision was filed." Civ.R. 53(E)(3)(a) clearly states that "[w]ithin fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision." Thus, for purposes of calculating the time period for filing objections to the magistrate's decision, it is the date the decision is filed with the clerk, not service of the decision, that commences the running of the fourteen-day period. Bowles v. Bowles (July 8, 1996), Ashland App. No. 1124, unreported; In the matter of Timothy and Heather Van Sickle (June 5, 1997), Franklin App. No. 96APF10-1428, unreported.
The magistrate's decision was filed on May 15, 2000. Thus, appellant Ferron's objections were required to be filed on May 29, 2000, fourteen days later. Monday, May 29, 2000, was Memorial Day, however, so the last day for filing became May 30, 2000. Appellant Ferron did not file his objections until June 2, 2000.
Had appellant Ferron never received a copy of the magistrate's decision he might have a due process argument that he was prejudiced by the improper service. Had he not received a copy of the decision in time to file his objections, Loc.R. 99.05 of the Franklin County Court of Common Pleas provides a mechanism by which appellant Ferron could obtain an extension of time. That rule provides, in pertinent part:
 The 14-day time limit established by Civ.R. 53 for the filing of objections to the Magistrate's Decision may be extended by the Trial Judge only upon written application supported by an affidavit stating facts indicating a practical impossibility of compliance.
[Emphasis added.]
But appellant Ferron actually received a copy of the magistrate's decision from the magistrate in an envelope postmarked May 16, 2000. Thus, appellant Ferron cannot argue that he was deprived of due process or prejudiced in any way by the failure of the clerk to serve a copy of the decision on him.
Accordingly, I would overrule assignment of error four and address appellant Ferron's remaining assignments of error.